United States v. Salabarria

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of January, two thousand twelve.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.[*]

---

UNITED STATES OF AMERICA,

                   *Appellee*,

           v.                                              10-4574

LAMAR THOMPSON, TYRESE MORRIS, AKA REESE, TYQUAN
MORRIS, EMANUEL VELASQUEZ, AKA CUBANO, AKA DOOGIE,
STEVEN BUONO, AKA STEVIE, AKA YAY YO, AKA BLACK,
KEVIN A. HUFFMAN, JR., AKA FAT KEV, AKA SPORTY,
ANTOINE EVANS, AKA FRECKLES, AKA ANT, RONNELL
GARMIE, AKA RAH, AKA BLUE, ISAIAH PRESLEY, AKA
FREAKY, DENNIS MILLER, AKA PREACH, DARON THOMPSON,
AKA SKYMA, SEVERNE WATSON, AKA SP, JOEL RICHARDS,
AKA JO JO, DIANE CORDERO, AKA CANDY, CAMELIN MORRIS,
AKA DREAD, KISHA MILLER, PHYLICIA S. EVANS, AKA PINK,
AKA TINY, KENRON MITCHELL, AKA TALIBAN, STANLEY

---

[*] The Hon. Debra Ann Livingston, who had originally been assigned to this panel, recused herself. The remaining two members of the panel decide the matter pursuant to Second Circuit Internal Operating Procedure E(b).

JACKSON, AKA TURK, ANTHONY MANIGAULT, AKA ICE,
KENNETH MANIGAULT, AKA BUBBA, JOHN BUTLER, AKA
LIGHT, TIRAS SEGREDE,

   *Defendants,*

JOHN SALABARRIA, AKA JOHNNY,

   *Defendant-Appellant.*

_____

For Appellant:    Richard E. Signorelli, Law Office of Richard E. Signorelli, New
         York, N.Y.

For Appellee:     Edward Y. Kim, Telemachus P. Kasulis & Katherine Polk Failla,
         Assistant United States Attorneys, *for* Preet Bharara, United States
         Attorney for the Southern District of New York, New York, N.Y.

   Appeal from a judgment of the United States District Court for the Southern District of
New York (Castel, *J.*).

   ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

   John Salabarria appeals from his conviction in federal court following a jury trial on the
ground that the government intentionally excluded black women from serving on his jury in
violation of the Equal Protection Clause of the U.S. Constitution.  We assume the parties'
familiarity with the facts of the case and the issues on appeal.

   "On appeal, a trial court's ruling on the issue of discriminatory intent must be sustained
unless it is clearly erroneous." *Snyder v. Louisiana*, 552 U.S. 472, 477 (2008).

   We do not think that the district court clearly erred in concluding that the government's
race- and gender-neutral explanations for exercising its peremptory challenges were credible.
*See Batson v. Kentucky*, 476 U.S. 79, 98 n.21 (1986) ("Since the trial judge's findings in the
context under consideration here largely will turn on evaluation of credibility, a reviewing court
ordinarily should give those findings great deference.").

   The fact that one potential juror stated during voir dire that her brother had been
incarcerated for murdering a woman at least raised a question of whether she might harbor some
bias against the government.  In addition, we have previously found that "it was plausible for the
prosecutor to think that a juror who regularly watched television shows in which forensic science
conclusively solved crimes might be more inclined to demand such evidence in order to
convict." *United States v. Farhane*, 634 F.3d 127, 157-58 (2d Cir. 2011).

2

Furthermore, even if we assume, *arguendo*, that the government's waiver of its final peremptory strike could be interpreted as an act of intentional discrimination in violation of the Equal Protection Clause, defense counsel did not object to the government's waiver of its last strike. Because "it is not apparent from the record that [Salabarria] intentionally relinquished a 'known right,'" and given that "the government agrees that plain error review is proper here, . . . . we review defendant's . . . *Batson* objection for plain error." *United States v. Brown*, 352 F.3d 654, 663 (2d Cir. 2003).

We see no such error here. Indeed, "[t]he trial court did not have the opportunity, at the time of jury selection, to conduct an inquiry into the prosecutor's reasons for" waiving its final strike. *Id.* at 670. Therefore, "the basis for the challenge is ambiguous enough so that any error the judge might have committed in permitting the strike was not 'obvious' or 'egregious.'" *Id.*

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3